UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------X
IMANI T. PURVEY,

        Plaintiff,

  -against-                                    REPORT AND
                                                RECOMMENDATION
                                                22 CV 3857 (LDH)(RML)

LONG ISLAND JEWISH HOSPITAL
(Northwell Health),

        Defendant.
--------------------------------------------------X
ROBERT M. LEVY, United States Magistrate Judge:

        Plaintiff Imani T. Purvey ("plaintiff") filed this *pro se* action against a private hospital on June 27, 2022, along with an application to proceed *in forma pauperis*. (Complaint, filed June 27, 2022 ("Compl."), Dkt. No. 1; Motion for Leave to Proceed *in forma pauperis*, filed June 27, 2022, Dkt. No. 2.) Plaintiff paid the filing fee on January 29, 2024. (Dkt. No. 5.) A summons was issued on January 31, 2024 and returned executed on April 22, 2024. (Dkt. Nos. 6, 7.) To date, no answer has been received from defendant. Plaintiff filed a request for default judgment on January 10, 2025. (Letter of Imani Purvey, dated Dec. 17, 2024, Dkt. No. 9.) On January 10, 2025, the Honorable LaShann DeArcy Hall, United States District Judge, referred the motion to me for report and recommendation. Although defendant has not filed any responsive pleading, I respectfully recommend that plaintiff's motion be denied and that the action be dismissed *sua sponte* for lack of subject matter jurisdiction.

## BACKGROUND

        The complaint is filed on a form complaint for civil actions. In the space to provide a basis for this court's subject matter jurisdiction by listing federal statutes or other provisions, plaintiff states: "False Claims Act, False Statements Act, Civil monetary penalties

law [and] the Physician Self-Referral Law." (Compl. at 4.) Plaintiff alleges: "outreaching, its [*sic*] includes several false claims with numerous individuals involved, continuous harassment, privacy violation." (Id. at 5.) In the space to provide the statement of claim, plaintiff states: "Hospital entered a fraudulent no-fault auto accident claim which contained false statements, falsifying medical bills, fabricating documents. Covid 19 scam, conspiracy." (Id.) In the space to state a demand for relief, plaintiff states: "Civil monetary penalties punitive damages, criminal liability, damaged reputation, privacy violation, patient abuse or neglect, pain and suffering 15,000,000.00." (Id. at 6.) The complaint does not include any factual details or even indicate the date(s) on which these allegations arose.

## DISCUSSION

Courts are required to give special consideration to *pro se* litigants, those individuals who are representing themselves in court and are not attorneys. This means that unrepresented litigants are not expected to meet the same standards required for formal pleadings drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007). In giving a *pro se* complaint special consideration, the court must look for the strongest arguments in the complaint. Id.; Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191-93 (2d Cir. 2008). If the court finds any possibility that "a valid claim might be stated," the court must give the plaintiff an opportunity to amend the complaint. Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).

When a civil action is first filed, the court must assume that all clearly stated facts (but not the legal conclusions) in the complaint are true. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 124 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 677-79 (2009)). To avoid dismissal, a complaint must include facts that show that the defendants may be responsible

2

for the harm to the plaintiff.  See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Iqbal, 556 U.S. at 678.

A plaintiff seeking to bring a lawsuit in federal court must establish that the court has subject matter jurisdiction over the action.  See Rene v. Citibank NA, 32 F. Supp. 2d 539, 542-44 (E.D.N.Y. 1999).  "[F]ailure of subject matter jurisdiction is not waivable and may be raised . . . by the court *sua sponte*.  If subject matter jurisdiction is lacking, the action must be dismissed."  Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 700-01 (2d Cir. 2000); see also FED. R. CIV. P. 12(h)(3).  Federal subject matter jurisdiction is available only when a "federal question" is presented, or when plaintiffs and defendants have complete diversity of citizenship and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332.  "Federal question jurisdiction may be properly invoked only if the plaintiff's complaint necessarily draws into question the interpretation or application of federal law."  State of New York v. White, 528 F.2d 336, 338 (2d Cir. 1975).

In this case, plaintiff's complaint does not assert a valid basis for the federal court's subject matter jurisdiction over these claims.  Plaintiff mentions federal laws, but none appear to be relevant to her claims.  The False Claims Act ("FCA") provides for liability when any person "knowingly presents, or causes to be presented, to an officer or employee of the United States Government . . . a false or fraudulent claim for payment or approval."  See 31 U.S.C. § 3729(a)(1).  "An action brought under the False Claims Act may be commenced in one of two ways.  First, the federal government itself may bring a civil action against a defendant. . . . Second, . . . a private person, or 'relator' may bring a *qui tam* action 'for the person and for the United States Government,' against the defendant, 'in the name of the Government.'"

3

U.S. ex rel. Mergent Servs. v. Flaherty, 540 F.3d 89, 93 (2d Cir. 2008) (citing 31 U.S.C. § 3730). A *pro se* litigant cannot be a relator in an FCA claim. Id. ("Because relators lack a personal interest in False Claims Act *qui tam* actions, we conclude that they are not entitled to proceed *pro se*."); Iannaccone v. Law, 142 F.3d 553, 558 (2d Cir. 1998) ("because *pro se* means to appear for one's self, a person may not appear on another person's behalf"). Thus, even if plaintiff had alleged that defendant had submitted fraudulent claims to the federal government, a *pro se* litigant such as plaintiff may not bring this case under the FCA.

The other statutes plaintiff cites also do not allow an individual to bring a civil action in federal court. The False Statements Act, 18 U.S.C. § 1001, is a criminal statute that does not include a private right of action. Genao v. City of New York, No. 21 CV 301, 2024 WL 947439, at *13 (S.D.N.Y. Jan. 4, 2024), report and recommendation adopted, 2024 WL 515246 (S.D.N.Y. Feb. 9, 2024). Plaintiff's reference to "physician self-referral" may be related to the Stark Law, 42 U.S.C. § 1395nn, a provision of the Social Security Act that prohibits physicians from referring Medicare patients to certain entities with which the physician has a financial relationship. The Civil Monetary Penalties Law, 42 U.S.C. § 1320a-7a, which is also part of the Social Security Act, involves investigations into improper Medicaid and Medicare claims and payments. Both laws provide for enforcement by the Secretary of Health and Human Services and do not specifically provide for a private right of action. See 42 U.S.C. § 1395nn(g); 42 U.S.C. § 1320a-7a(c). Should plaintiff believe that defendant is defrauding the federal government through its Medicare or Medicaid billing, COVID-19 loans, or other practices, plaintiff can bring these concerns to law enforcement or one of the state or federal agencies charged with preventing fraud against the federal government.

Plaintiff's reference to a "no-fault auto accident" and "privacy violation" suggest a personal dispute with defendant. A federal statute, the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), protects against disclosure of health records and information without the patient's consent. See 42 U.S.C. §§ 1320d-1 to 1320d-7. This law also provides for enforcement by the Secretary of Health and Human Services and does not confer a private right of action for patients to enforce the HIPAA provisions in federal court. Meadows v. United Servs., Inc., 963 F.3d 240, 244 (2d Cir. 2020) (no express or implied private right of action under HIPAA); Ames v. Group Health Inc., 553 F. Supp. 2d 187, 192 (E.D.N.Y. 2008) (case law is "clear that plaintiffs cannot bring a HIPAA enforcement action due to improper disclosures of medical information"). Plaintiff's other claims, for "harassment," "fraud," and "conspiracy," are not supported by any factual allegations and do not raise any question of federal law. Some of these claims may arise under state law, but plaintiff has not alleged diversity jurisdiction to bring the claims within the jurisdiction of the federal court.

## CONCLUSION

For the reasons set forth above, I am unable to find any basis for this court's subject matter jurisdiction. I therefore recommend that plaintiff's motion for a default judgment be denied and that the complaint be dismissed, without prejudice, for lack of subject matter jurisdiction pursuant to Federal Rule 12(h)(3).

Any objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen days. Failure to file objections within the specified time waives the right to appeal the district court's order. See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), 6(d). Any request for an extension of time to file objections must be made within the fourteen-day period.

The Clerk of Court is requested to send a copy of this Report and Recommendation to plaintiff and note the mailing on the docket.

Respectfully submitted,

_____/s/_____
ROBERT M. LEVY
United States Magistrate Judge

Dated: Brooklyn, New York
       January 27, 2025